John D. Fiero (CA Bar No. 136557)
Maxim B. Litvak (CA Bar No. 215852)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
mlitvak@pszjlaw.com
psinger@pszjlaw.com

Attorneys for R. Todd Neilson,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>WILLIAM JAMES DEL BIAGGIO, III aka "BOOTS" DEL BIAGGIO,<br><br>Debtor. | Case No.: 08-30991 (TEC)<br><br>Chapter 11<br><br>**MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SALE OF MEMBERSHIP INTEREST**<br><br>[No hearing requested pursuant to LBR 9014-1(b)(3).] |

R. Todd Neilson, duly appointed chapter 11 trustee in the above-captioned bankruptcy case (the "Chapter 11 Trustee"), hereby moves the Court (the "Motion") for entry of an order pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Chapter 11 Trustee to sell one (1) unit of membership interests (the "Unit") of 495 East Brokaw, LLC, a California limited liability company (the "LLC"), to Barry A. Turkus for a purchase price of $30,770. The Unit represents approximately 2.1277% of the total number of outstanding membership interests in the LLC.

This Motion is based on the arguments set forth below and on the Declaration of R. Todd Neilson (the "Neilson Declaration"), filed herewith.

///

///

# I.
# JURISDICTION

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory bases for the relief sought herein are sections 105 and 363(b) of the Bankruptcy Code and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

# II.
# BACKGROUND

## A. The Bankruptcy Proceeding

William James Del Biaggio, III, (the "Debtor") filed a voluntary chapter 11 petition in this Court on June 6, 2008. The case was assigned Case No. 08-30991. The Chapter 11 Trustee is informed and believes that the Debtor is also the managing member of BDB Management LLC, and BDB Management III, LLC, whose chapter 11 cases are pending in this Court under Case Nos. 08-31001 and 08-31002, respectively (collectively, the "Related Cases").

On June 19, 2008, the Office of the United States Trustee appointed the Chapter 11 Trustee as chapter 11 trustee for this case. On June 25, 2008, the Court also ordered the Chapter 11 Trustee's appointment in each of the Related Cases. Pursuant to an Order entered August 29, 2008, the Chapter 11 Trustee employed LECG, LLC as his accountants and financial advisors.

On June 27, 2008, the U.S. Trustee appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code in this case.

## B. The LLC

As set forth in the Neilson Declaration, filed herewith, the estate currently owns one Unit of the LLC, representing approximately 2.1277% of the total number of outstanding membership interests in the LLC. The LLC owns an industrial building which leases space to such businesses as auto body shops. A number of tenants are currently in default under their leases. The Debtor

///

59914-001\DOCS_SF:64203.1

MOTION FOR ORDER APPROVING SALE OF MEMBERSHIP INTEREST

purchased the Unit for $25,000. The Unit generates approximately from $2,000 to $4,000 in annual income.

**C.  The Sale**

Subject to the Court's approval, and pursuant to the terms of that certain *Membership Interest Purchase Agreement* (the "Agreement"), a copy of which is attached hereto as **Exhibit A**, the Chapter 11 Trustee has agreed to sell (the "Sale") the Unit to a third party, Barry A. Turkus (the "Buyer"), for $30,770 in cash, and the Buyer has agreed to assume any liabilities that may be associated with the Unit. The Buyer is currently a member and manager of the LLC.

The Sale is contingent on the Court entering an Order approving the Sale by April 15, 2009. In contemplation of Court approval of the Sale, the Buyer has placed the purchase price of $30,770 into the trust account of the Chapter 11 Trustee's counsel.

As set forth in the Neilson Declaration, the Sale is favorable to the estate because it represents a greater than 20% recovery on the Debtor's original investment of $25,000. Moreover, in the current economic environment, and given that a number of tenants are in default under their leases, the Chapter 11 Trustee believes that the purchase price is fair and reasonable.

## III.

## RELIEF REQUESTED

The Chapter 11 Trustee seeks approval of the Sale of the Unit in the LLC for the purchase price of $30,770 in cash and seeks authority to enter into the Agreement. The Chapter 11 Trustee also requests that the provisions of Bankruptcy Rule 6004(h) which would otherwise stay any order approving the Sale be waived under the circumstances.

## IV.

## AUTHORITY FOR REQUESTED RELIEF

**A.  The Sale Is Within the Sound Business Judgment of the Chapter 11 Trustee and Should Be Approved**

Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 does not set forth a standard for determining

when it is appropriate for a court to authorize the sale or disposition of property prior to confirmation of a plan. However, courts in this Circuit and others have required that the decision to sell property outside the ordinary cause of business be based upon the sound business judgment of the debtors. *See In re 240 North Brand Partners, Ltd.,* 200 B.R. 653, 659 (BAP 9th Cir. 1996) ("debtors who wish to utilize § 363(b) to dispose of property of the estate must demonstrate that such disposition has a valid business justification"), *citing In re Lionel Corp.,* 722 F. 2d 1063, 1070 (2nd Cir. 1983).

Several courts have held that the "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of business, namely, (1) that a "sound business purpose" justifies the sale of property outside the ordinary course of business, (2) that adequate and reasonable notice has been provided to interested persons, (3) that the debtors have obtained a fair and reasonable price, and (4) good faith. *See In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143 (3rd Cir. 1986); *Lionel Corp*, 722 F.2d at 1071.

**B.      The Sale Meets Each of the *Abbot* Elements.**

First, sound business reasons justify the Sale. The Chapter 11 Trustee is charged with the obligation to liquidate the assets of this estate. Selling the Unit furthers that goal and brings in much needed cash. The Sale will enable the Chapter 11 Trustee to continue to meet the estate's ongoing ordinary course expenses.

Second, adequate notice is being provided. The Chapter 11 Trustee is serving notice of this Motion and of the Sale on its creditors and other parties in interest.

Third, the price is more than "fair and reasonable." The price of $30,770 is twenty percent higher than the Debtor's original investment. In the Chapter 11 Trustee's business judgment, this represent a very good return, especially given that certain tenants are in default under their leases.

Fourth, the Sale is proposed in good faith as set forth in section C hereof.

**C.      The Sale Is Proposed in "Good Faith" Under Section 363(m) of the Bankruptcy Code**

The fourth prong of the *Abbott Dairies* test examines whether the Sale is in good faith. Section 363(m) of the Bankruptcy Code provides, in pertinent part:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an

>entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Section 363(m) of the Bankruptcy Code thus protects the purchaser from the risk that he will lose his interest in the purchased Stock if the order allowing the Sale is reversed on appeal.

As required by section 363(m) of the Bankruptcy Code, the Sale has been proposed in good faith. Although the Bankruptcy Code does not define "good faith purchaser," the Ninth Circuit, construing section 363(m) of the Bankruptcy Code, has stated that "[a] good faith buyer is one who buys in good faith and for value." *Ewell v. Diebert (In re Ewell)*, 958 F. 2d 276, 281 (9th Cir. 1992) (quotations and citations omitted). To constitute lack of good faith, a party's conduct in connection with the sale must usually amount to "fraud, collusion between the purchaser and other bidders or the trustee or an attempt to take grossly unfair advantage of other bidders." *Id*. Due to the absence of a bright line test for good faith, the determination is based on the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings." *In re Pisces Leasing Corp.,* 66 B.R. 671, 673 (E.D.N.Y. 1986) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1998 (7th Cir. 1978)).

Here, the Sale is being made in good faith. There is no fraud or collusion in the terms of the Sale. To the contrary, the Sale is the culmination of a solicitation and negotiation process between parties who have acted at arms length. Further, all creditors and parties in interest are receiving notice of the Sale and are being provided an opportunity to be heard.

Accordingly, the Court should find that the Sale is proposed in good faith and should approve the Sale.

**D.    Relief From The Ten Day Waiting Period Under Bankruptcy Rule 6004(h) Is Appropriate**

Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." The Chapter 11 Trustee requests that the Order approving the Sale be effective immediately by providing that the ten (10) day stay under Bankruptcy Rule 6004(h) is waived.

The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to request a stay pending appeal before an order is implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the ten (10) day stay period, Collier on Bankruptcy suggests that the ten (10) day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy 15th Ed. Rev., ¶6064.09 (L. King, 15th rev. ed. 1988). Furthermore, Collier's states that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id*.

The Chapter 11 Trustee hereby requests that the Court waive the ten-day stay period under Bankruptcy Rule 6004(h) or reduce the period of the stay to the time period necessary for an objecting party to actually file an appeal and request a stay.

## V.

## CONCLUSION

For the foregoing reasons, the Chapter 11 Trustee respectfully requests the entry of an Order granting the relief set forth in this Motion and any other and further relief as the Court deems appropriate.

Dated: March 3, 2009　　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP

By　*/s/ Pamela E. Singer*
　　Pamela E. Singer
　　Attorneys for R. Todd Neilson,
　　Chapter 11 Trustee