SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
ORI KATZ, Cal. Bar No. 209561
MICHAEL M. LAUTER, Cal Bar No. 246048
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

Attorneys for the OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF WILLIAM JAMES
DEL BIAGGIO, III

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>WILLIAM JAMES DEL BIAGGIO, III,<br><br>　　　　　　Debtor. | Case No. 08-30991 TEC 11<br><br>Chapter 11<br><br>**EIGHTH MONTHLY REPORT PURSUANT TO INFORMATION ACCESS PROTOCOL** |

# I. INTRODUCTORY STATEMENT

This *Eighth Monthly Report Pursuant to Information Access Protocol* (the "Eighth Report") is made pursuant to the *Order Approving the Official Committee of Unsecured Creditors' Information Access Protocol* (the "Information Order") entered by the United States Bankruptcy Court of the Northern District of California, San Francisco Division (this "Court") on October 16, 2008 as docket #189 in the above-captioned bankruptcy case (this "Bankruptcy Case"). The Official Committee of Unsecured Creditors in this Bankruptcy Case (the "Committee") has filed monthly reports in this case pursuant to the Information Order every month since the First Report was filed on November 4, 2008. The First through Seventh Reports shall be hereinafter collectively referred to as the "Prior Reports." The contents of the Prior Reports are incorporated herein by this reference. This Eighth Report only covers the time period from the filing of the Seventh Report on May 4, 2009 to the filing of this Eighth Report on June 4, 2009.

This Eighth Report constitutes the reasonable best efforts of the Committee to provide current non-confidential and non-privileged information to its creditor constituency. The investigation into the facts and circumstances concerning this Bankruptcy Case is ongoing and subject to change. This is especially but not exclusively true with respect to information regarding the debtor's assets and liabilities. In addition, pursuant to the Information Order, the Committee is entitled to refrain from including confidential and privileged information in this Eighth Report, so as not to hinder any of the efforts of the Committee or the chapter 11 trustee (the "Trustee") currently underway with respect to the sale of assets of William James "Boots" Del Biaggio, III (the "Debtor") or otherwise that may require confidentiality or privileged discussion or analysis. Further, any court dates listed herein are subject to being changed or postponed by the parties or the Court, and should be verified in advance by any party seeking to rely upon them. Finally, any summary of legal arguments, documents or statements filed with the Court that may be contained herein are only summaries, and not meant as a replacement for an independent review of the underlying pleadings or transcripts. Parties are encouraged to refer to those

underlying pleadings and transcripts to the extent that they are interested in or concerned about such arguments, documents or statements filed with the Court.

## II. GENERAL INFORMATION AND HIGHLIGHTS OF SIGNIFICANT EVENTS IN THIS BANKRUPTCY CASE (AND OTHER CASES WHERE NOTED)

A. <u>Objection to Claimed IRA Exemption</u>.

On May 12, 2009, the Trustee filed an objection to the Debtor's claim of exemption for his IRA account which is valued at $384,057.70 in the Debtor's Schedule C of his schedules of assets and liabilities filed on June 23, 2008. The objection is based on the fact that records do not reflect whether an approximately $78,000 contribution to the IRA in March 2004 were rollovers from other qualified retirement accounts. The Trustee will engage in further discovery to obtain this information, and if records of such rollovers are produced, the Trustee will withdraw the objection.

B. <u>Adversary Proceedings</u>.

As noted in the Prior Reports, two adversary proceedings have been filed in this Bankruptcy Case: (i) a preference action filed by the Trustee against Brandenburg (as defined in the First Report) (Case No. 08-03084); and (ii) a complaint filed by Luc Robitaille against the Debtor seeking unjust enrichment, equitable contribution and a declaration regarding the nondischargeability of his debt (Case No. 08-03096).

In the Brandenburg adversary, the parties stipulated that the deadline for expert discovery would be extended to August 10, 2009. The Court approved this stipulation by an order dated June 1, 2009. Brandenburg also filed a disclosure regarding his expert witness, who will opine on customary practices in the real estate investment industry.

In the Robitaille adversary, Robitaille and the Debtor entered a written stipulation on June 3, 2009 to dismiss the action without prejudice.

C. <u>Proofs of Claim</u>.

So far, 143 proofs of claim have been filed, almost all before the bar date for non-governmental proofs of claim on October 6, 2008. See the Prior Reports, and

especially the First Report, for a more detailed explanation of the proofs of claim filed. Since the Seventh Report, two proofs of claim have been filed. The first was filed by Mercedes Benz Credit Corporation for $30,520.72 in delinquent payments on the lease of an automobile. The second was filed by Maxim Gregory on behalf of the Resort at Squaw Creek Condominium Association for $4,770.59 in delinquent HOA assessments. Mr. Maxim also filed a document as proof of claim #144 that is a declaration explaining the background of proof of claim #143 and asserting that it was only recently filed because the Condominium Association had not received notice of this bankruptcy case.

D.      Omnibus Objections in the BDB Cases.

As noted in the Seventh Report, the Trustee filed an omnibus objection to claims in the bankruptcy cases of BDB Management LLC (Case No. 08-31001) and BDB Management III, LLC (Case No. 08-31002), largely on the grounds of insufficient supporting documentation. Multiple parties have responded to the omnibus objection in each case, though no hearing has been set on the omnibus objection in either case.

E.      MGM Grand Adversary Proceeding in Sand Hill III Case.

In the bankruptcy case of Sand Hill Capital Partners III, LLC (Case No. 08-30989), an entity at which Del Biaggio formerly held a position, the trustee in that case filed an adversary proceeding (Case No. 09-03081) on May 5, 2009 seeking the recovery of $250,000 from MGM Grand Hotel, LLC as fraudulent conveyances. The Sand Hill III trustee alleges, among other things, that said funds constitute payments to MGM from Sand Hill III on account of Del Biaggio's personal debt. A status conference in this adversary proceeding is scheduled for July 30th at 10:00 a.m.

F.      Criminal and SEC Proceedings Against the Debtor.

As noted in the Prior Reports, on December 4, 2008, the United States Attorney's Office charged the Debtor with one count of securities fraud, commencing Case No. 08-00874 before Hon. Charles R. Breyer in the United States District Court for the Northern District of California. Also on December 4, 2008, the Securities and Exchange Commission (the "SEC") filed a complaint against the Debtor, commencing Case No. 08-

05450 in the United States District Court for the Northern District of California, also before Judge Breyer. On December 12, 2008, a final judgment was entered in the SEC action, with the Debtor's consent. See the Third Report for more detail on the final judgment in the SEC action.

In the criminal action, and as noted in greater detail in the Fourth Report, the Debtor plead guilty to one count of securities fraud pursuant to a plea agreement with the United States Attorney's office on February 4, 2009. The plea agreement is on file on the District Court's electronic docket for that case. Since that time, the United States and the Debtor filed briefs on the proper application of the federal sentencing guidelines to the Debtor. As noted in the Sixth Report, a hearing was held before Judge Breyer on March 31, 2009, at which he questioned the parties about how they arrived at the agreed upon amount of loss in the plea agreement - $19.25 million. Judge Breyer ordered further briefing from each party on this topic. On May 14, 2009, the U.S. Attorney's office filed its sentencing memorandum. In the memorandum, it is stated that based on information gleaned since the time of the plea agreement, the parties now agree that the loss amount for the lenders identified in the plea agreement is between $21.4 million and $47.4 million. Consequently, the parties stipulate that the Adjusted Offense Level for purposes of the federal sentencing guidelines should be increased from 28 to 30.

No filings have occurred in the SEC action since the filing of the Seventh Report. A case management conference will be held on July 17, 2009 at 8:30 a.m. Case management conference statements are to be filed by July 10, 2009.

G.   Criminal, SEC and Bankruptcy Proceedings Against D. Scott Cacchione.

As noted in the Prior Reports, and especially the Sixth and Seventh Reports, David Scott Cacchione ("Cacchione") is the debtor in a chapter 11 bankruptcy case in the Northern District of California Bankruptcy Court before Judge Montali (Case No. 09-30436). Also, the U.S. Attorney's office has filed a criminal case against Cacchione which is pending in the Northern District of California District Court (the "District Court") before Judge Breyer (Case No. 09-00296). Finally, the SEC has also filed a civil action against

Cacchione in the District Court before Judge Breyer (Case No. 09-01259). As explained in the Prior Reports, Mr. Cacchione is a former business associate of the Debtor's, who among other things is alleged to have aided and abetted the Debtor in certain activities. See the Sixth and Seventh Reports for more detail.

In the Cacchione bankruptcy case, the appointment of E. Lynn Schoenmann as trustee was approved by an order of the Court entered on May 14, 2009. The trustee made a motion to vacate the May 1st order granting relief from stay to the holder of the second deed of trust on Cacchione's residence. The motion was granted on an ex parte basis and a further hearing on the matter will be held on June 5, 2009 at 9:30 a.m. Also, DGB Investments filed an adversary complaint on May 26, 2009, seeking, among other things, a declaration that the debt owed by Cacchione to DGB Investments is nondischargeable, and also seeking punitive damages. DGB's adversary action is pending as Case No. 09-03096. As reported in the Seventh Report, the FDIC as receiver for Security Pacific Bank had earlier filed an adversary action seeking a declaration that the debt owed to it by Cacchione was nondischargeable (Case No. 09-30436). In that case, the clerk of the court entered a default against Cacchione on June 3, 2009.

There have been no new filings in the Cacchione criminal case since the filing of the Seventh Report. As noted in the Prior Reports, Cacchione has plead guilty in this action and his sentencing hearing is scheduled to be held on August 4, 2009 at 9:30 a.m.

There have been no new filings in the SEC action against Cacchione. As noted in the Prior Reports, Cacchione consented to the entry of a final judgment against him. The judgment was entered on April 1, 2009, and it permanently enjoins Cacchione from violating the federal securities laws and orders him to pay disgorgement and a civil penalty, as each will be determined by the court at a later date upon the motion of the SEC. A case management conference in this action is set for July 27, 2009 at 8:30 a.m.

Finally, and again as set forth in the Sixth Report, Cacchione's criminal case and his SEC case have been related to the Debtor's criminal and SEC cases by an order issued by Judge Breyer on March 27, 2009.

## III. SUMMARY OF RECENT PROCEEDINGS, EVENTS AND FINANCIAL INFORMATION

The above discussion of significant events in this Bankruptcy Case and others also encompasses a summary of recent proceedings and events. This section will thus focus on financial information in this Bankruptcy Case.

The only new financial information filed in this case since the Seventh Report is the Monthly Operating Report for the month of March 2009 which was filed by the Trustee on May 28, 2009. The Debtor's total assets dropped in the March 2009 report to $8,523,962, from a total of $11,103,166 in the February 2009 report. The Debtor's current assets rose in the March 2009 report to $249,154 from $37,498 in the February 2009 report. At the same time, the Debtor's total liabilities dropped in the March 2009 report to $505,475,337, down from $507,704,861 in the February 2009 report. Current liabilities rose in the March 2009 report to $2,270,493, up from $2,145,587 in the February 2009 report.

The drop in total assets appears due in significant part to the closing of the sale of the Debtor's residence located on Hollister Avenue in Santa Monica, CA, which closing occurred on March 31, 2009. The drop in total liabilities appears due in significant part to the removal from the Trustee's balance sheet of Washington Mutual's proof of claim based on its deed of trust on the Hollister Avenue property, which the Operating Report states was satisfied by the proceeds of the sale.

W02-WEST:5MML1\401572430.1

Case: 08-30991   Doc# 327   Filed: 06/04/09   Entered: 06/04/09 13:33:24   Page 7 of 9

## IV. CALENDAR OF UPCOMING SIGNIFICANT EVENTS
## IN THIS BANKRUPTCY CASE AND RELATED CASES

| Date and Time: | Description: | Place: |
|---|---|---|
| 7/14/2009 at 9:30 a.m. | Sentencing Hearing in Del Biaggio's Criminal Case (Case No. 08-00874) | United States District Court for the Northern District of California<br>450 Golden Gate Ave.<br>19th Floor<br>Courtroom 8<br>San Francisco, CA 94102<br>(the "District Court") |
| 7/17/2009 at 8:30 a.m. | Case Management Conference in Del Biaggio's SEC Case (Case No. 08-05450) | The District Court |
| 7/17/2009 at 8:30 a.m. | Case Management Conference in Cacchione's SEC Case (Case No. 09-01259) | The District Court |
| 7/30/2009 at 10:00 a.m. | Status Conference in MGM Adversary Proceeding in the Sand Hill III Bankruptcy Case (Adversary No. 09-03081) | U.S. Bankruptcy Court<br>Hon. Thomas E. Carlson<br>235 Pine Street<br>Courtroom 23<br>San Francisco, CA<br>(the "Bankruptcy Court") |
| 8/4/2009 at 9:30 a.m. | Sentencing Hearing in Cacchione's Criminal Case (Case No. 09-00296) | The District Court |
| 9/15/2009 at 9:30 a.m. | Trial in Brandenburg Adversary Case No. 08-03084 | The Bankruptcy Court |

## V. COPIES OF PRESS RELEASES ISSUED BY COMMITTEE OR TRUSTEE

None.

## VI. ANSWERS TO FREQUENTLY ASKED QUESTIONS

No such questions yet.

## VII. CONTACT INFORMATION FOR COMMITTEE COUNSEL

The creditors represented by the Committee are urged to submit their questions or requests for information to counsel for the Committee at the following address:

| | |
|---|---|
| 1 | Sheppard, Mullin, Richter & Hampton LLP |
| 2 | Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111 |
| 3 | Phone: (415) 434-9100<br>Fax: (415) 434-3947 |
| 4 | Attention: Michael H. Ahrens, Esq., or Michael M. Lauter, Esq.<br>Email: mahrens@sheppardmullin.com; |
| 5 | mlauter@sheppardmullin.com |
| 6 | Dated: June 4, 2009 |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ Michael M. Lauter
            MICHAEL M. LAUTER

Attorneys for the OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WILLIAM JAMES DEL BIAGGIO, III