

Signed and Filed: April 26, 2010

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

1  Kenneth H. Brown (CA Bar No. 100396)
   John D. Fiero (CA Bar No. 136557)
2  Maxim B. Litvak (CA Bar No. 215852)
   Miriam P. Khatiblou (CA Bar No. 178584)
3  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
4  San Francisco, California 94111-4500
   Telephone: 415/263-7000
5  Facsimile: 415/263-7010

6  E-mail: jfiero@pszjlaw.com
           kbrown@pszjlaw.com
7          mlitvak@pszjlaw.com
           mkhatiblou@pszjlaw.com
8
   Attorneys for R. Todd Neilson, Trustee

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>WILLIAM JAMES DEL BIAGGIO, III aka "BOOTS" DEL BIAGGIO,<br><br>Debtor. | Case No.: 08-30991 (TEC)<br><br>Chapter 11<br><br>**ORDER DIRECTING PRODUCTION OF DOCUMENTS FROM HERITAGE BANK OF COMMERCE PURSUANT TO BANKRUPTCY RULE 2004** |

This matter came before the Court without a hearing upon consideration of the *Application Directing Production of Documents by Heritage Bank of Commerce Under Bankruptcy Rule 2004* (the "Application"). Based upon the Court's review of the Application, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that Heritage Bank of Commerce shall:

1. Produce the documents described and specified below at the law offices of Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111 on Monday, May 20, 2010, at 10:00 am (or at any later date and time as designated in the Subpoena); and

2. Provide at the time of production a custodian of records declaration authenticating all documents so produced.

///

# DEFINITIONS AND INSTRUCTIONS

A. "ALL" means both "any" and "all."

B. "DEBTOR" means William James "Boots" Del Biaggio III, the debtor in the above-referenced Chapter 11 case, together with any and all affiliated entities, including but not limited to: Home Equity Investors, BDB Fund I, and the William James Del Biaggio III 1999 Family Trust.

C. "PROPERTY" means the six residential lots located on Hillpoint Court, San Jose, California.

D. "HEI" means Home Equity Investments LLC.

E. "DOCUMENT" or "DOCUMENTS" is used in the broadest sense possible and includes, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand: bank statements, checks (front and back), deposit slips and associated checks (front and back), wire advices, debit advices, credit advices, signature cards and other relevant information normally maintained by your institution, papers; books; letters; tangible things; records; correspondence; e-mails; electronic communications; postings on the Internet; telegrams; cables; telex messages; memoranda; diaries; reports; notes; notations; work papers; financial records; communications; summaries; transcripts; records of conversations; interviews; meetings; telephone conversations or conferences; minutes; audio or videotapes; cassettes or disks; statistical statements; graphs; charts; accounts; analytical records; reports or summaries of investigations; computerized records; affidavits; statements; opinions; studies; analyses; appraisals; estimates; projections; illustrations; tables; maps; schedules; worksheets; proposals; contracts; agreements; desk or other calendars; appointment books; lists; tabulations; business records; books of account; ledgers; journals; balance sheets; financial statements; accountant's statements; drafts; negotiable instruments; receipts; invoices; purchase orders; bills; microfilms; photographs or negatives thereof; and any writings as defined by Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" or "DOCUMENTS" also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying,

1 supporting or used in preparation of any DOCUMENT. The words "DOCUMENT" or
2 "DOCUMENTS" further include any file or other container holding, or which at any time held, any
3 DOCUMENT as well as any writing or other communication which appears or appeared on, or
4 affixed to, such file or other container.

5     F. Each request contained herein extends to any DOCUMENTS in the possession,
6 custody or control of Heritage. A DOCUMENT is deemed to be in the Heritage's possession,
7 custody or control, (1) if it is in Heritage's physical custody, or (2) if it is in the physical custody of
8 any other person and Heritage (a) owns such DOCUMENT in whole or in part; (b) Heritage has a
9 right by contract, statute or otherwise to sue, inspect, examine or copy such DOCUMENT on any
10 terms; (c) Heritage has an understanding, express or implied, that Heritage may use, inspect,
11 examine or copy such DOCUMENT on any terms; or (d) Heritage has, as a practical matter, been
12 able to use, inspect, examine or copy such DOCUMENT when Heritage has sought to do so. Such
13 DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of
14 Heritage's attorney(s) or other agents.

15     G. If a DOCUMENT exists only within the memory of a computer or computer disc, a
16 copy of that data should be produced in machine-readable form, and a "hard" copy of the
17 DOCUMENT should be printed and produced.

18     H. Whenever used herein, the singular shall include the plural and vice versa, whenever
19 such construction results in a broader request for information.

20     I. Whenever used herein, "and" may be understood to mean "or" and vice versa
21 whenever such construction results in a broader request for information.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1**

ALL DOCUMENTS relating to any loans provided by HERITAGE to HEI including, but not limited to, loan number 5147000101.

**REQUEST FOR PRODUCTION NO. 2**

ALL DOCUMENTS consisting of correspondence relating to HEI.

///

**REQUEST FOR PRODUCTION NO. 3**

ALL DOCUMENTS that constitute account statements for any loans provided by HERITAGE to HEI, including but not limited to loan number 5147000101.

**REQUEST FOR PRODUCTION NO. 4**

ALL DOCUMENTS that relate to the sale of any portion of the PROPERTY, including but not limited to, listing agreements, purchase and sale agreements and payoff demands.

**REQUEST FOR PRODUCTION NO. 5**

ALL DOCUMENTS that refer or relate to any appraisals of the PROPERTY, except the appraisal conducted by CSE Appraisal Services, dated September 12, 2007.

**REQUEST FOR PRODUCTION NO. 6**

ALL DOCUMENTS that refer or relate to any financial statements of HEI or any of its members, including but not limited to, balance sheets and income statements.

**REQUEST FOR PRODUCTION NO. 7**

ALL DOCUMENTS relating to any bank accounts maintained at HERITAGE related to HEI, including bank account statements and related transaction documents (i.e. checks, deposit slips, deposited checks, wire advices, debit advices, credit advices, signature cards, etc.).

**\*\*\*END OF ORDER\*\*\***