WAYNE A. SILVER, Esq. (108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94087
Tel. (408) 720-7007
Fax. (408) 720-7001
email: w_silver@sbcglobal.net

Attorney for Creditors:
C. Clark Jordan TTE, Eric and Christine Bachelor Children Trust; Brothers Living Trust; Fat Cat International, a Nevada Corporation; F. Ronald Laupheimer, Trustee of the F. Ronald Laupheimer 401K Profit Sharing Plan; Michael W. and Barbara A. Kedell Family Trust dated 9/9/95; Misser Irrevocable Trust dated 02/27/87; Diana Pacheco c/o Don Arata; Patricia San Juan IRA; Richard & Donna Wills Revocable Trust; Richard and Donna Wills Irrevocable Trust FBO Ronald Earl Wills; Susan Suttle Living Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>WILLIAM JAMES DEL BIAGGIO, III<br>aka "BOOTS" DEL BIAGGIO,<br><br>    Debtor. | Case No.: 08-30991-TEC<br>Chapter 11<br><br>**OBJECTION AND REQUEST FOR HEARING ON TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN CLAIMS** |

Creditors C. Clark Jordan TTE, Eric and Christine Bachelor Children Trust (Claim 44); Brothers Living Trust (Claim 46); Fat Cat International, a Nevada Corporation (Claim 53); F. Ronald Laupheimer, Trustee of the F. Ronald Laupheimer 401K Profit Sharing Plan (Claim 59); Michael W. and Barbara A. Kedell Family Trust dated 9/9/95 (Claim 57); Misser Irrevocable Trust dated 02/27/87 (Claim 69); Diana Pacheco c/o Don Arata (Claim 51); Patricia San Juan IRA (Claim 72); Richard & Donna Wills Revocable Trust (Claim 80); Richard and Donna Wills Irrevocable Trust FBO Ronald Earl Wills (Claim 79) and Susan Suttle Living Trust (Claim 78), (collectively "Objecting Creditors") hereby object and request a hearing on R. Todd Neilson (Trustee's) First Omnibus Objection To Certain Claims.

The Trustee contends the claims of Objecting Creditors are objectionable because "they were filed in the wrong case, are duplicative of a claim filed by the [SHC III Trustee], and lack adequate documentation." Each of these grounds is addressed briefly below.

### 1. Objecting Creditors' Claims Were Not Filed In The Wrong Case

WILLIAM JAMES DEL BIAGGIO, III aka "BOOTS" DEL BIAGGIO, the above-captioned Debtor ("Del Biaggio"), orchestrated a massive fraud whereby he manipulated funds among various entities for his personal use and benefit. One such entity was SAND HILL CAPITAL PARTNERS III, LLC ("SHCP III"), a debtor in Chapter 7 Case No. 08-30989. Janina M. Hoskins is the Trustee in the SHCP III Chapter 7 Bankruptcy, ("SHCP III Trustee").

Objecting Creditors were led to believe they were investing in SHCP III by Del Biaggio and his accomplices, and were given Promissory Notes for their investments signed by Del Biaggio stating the Borrower was SHCP III. But SHCP III was a sham, designed for the sole purpose of acting as a conduit for these monies to Del Biaggio, who Objecting Creditors contend is the "alter-ego" of SHCP III.

A bankruptcy trustee is authorized to bring only two types of actions against third parties: (1) as successor to the debtor based on claims included in the bankruptcy estate under 11 U.S.C. § 541; and (2) under one or more of the trustee's avoidance powers granted by chapter 5 of the Bankruptcy Code. [*See, e.g., Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.,* 267 F.3d 340, 356 (3d Cir.2001)] The SHCP III Trustee has no general authority on behalf of the SHCP III bankruptcy estate to assert claims that Objecting Creditors may have held against third parties such as Del Biaggio as of the commencement of the SHCP III case simply because those claims are related in some way to the SHCP III case. [*Caplin v. Marine Midland Grace Trust Co.* (1972) 406 U.S. 416, 434, 92 S.Ct. 1678] The 9th Circuit recently held in *Ahcom, Ltd. v. Smeding,* 623 F.3d 1248 (9th Cir.,2010) that a bankruptcy trustee lacks standing to pursue such "alter ego" claims. Thus, at a minimum, Objecting Creditors can pursue "alter-ego" claims against Del Biaggio.

### 2. Objecting Creditors' Claims Are Not Duplicative Of The Claims Asserted By The SHCP III Trustee

Page 2

Objection And Request For Hearing On Trustee's Omnibus Objection To Certain Claims

To the extent the SHCP III has standing at all, Objecting Creditors contend there is only one "case" here, and that is the case of Del Biaggio. As an alternative position to their alter-ego claims, Objecting Creditors posit that all of the Del Biaggio entities are a sham and should be substantively consolidated. Doing so would eliminate arguments such as the Trustee's that are based on where Del Biaggio deposited Objecting Creditors' funds once he misappropriated them. Objecting Creditors should not be prejudiced by Del Biaggio's choice of bank accounts.

The issue of substantive consolidation was raised early in this case, and the Court believed it was premature at that time. Perhaps now is the time to revisit the question of substantive consolidation.

### 3. Objecting Creditors Have Adequately Documented Their Claims

Objecting Creditors already provided extensive documentation of their claims to the SHCP III Trustee, and request the Court simply order the SHCP III Trustee to forward that documentation to the Trustee. In the alternative, Objecting Creditors request additional time to submit such documentation to the Trustee, if and when their claims are substantively allowed, subject only to fixing the allowed amount.

### 4. Request For Hearing

Objecting Creditors request a hearing and opportunity to conduct discovery and present evidence in support of their claims.

Dated: February 19, 2011

/s/ Wayne A. Silver  
Wayne A. Silver, Attorney for Objecting Creditors